JUSTICE WARNER
dissenting.
¶26 I dissent. I would affirm the District Court, as I dissent on Issues One and Three and would reach and affirm Issue Four.
¶27 Regarding Issue One, the question before the Court is whether the District Court erred in refusing the Dales’ proposed instructions on duty of care. As the Opinion itself points out in ¶ 16, the Dales’ instructions are simply not accurate statements of the law. Restatement (Second) of Torts § 298, cmt. b (1965), reads as set out by the Schuff proposed instruction quoted in the Opinion at ¶ 14, i.e., *408 “The greater the danger, the greater the care which must be exercised” and is applicable to situations where heightened care should be exercised. Schuff, ¶ 35. By use of words and phrases such as “extraordinarily,” “extreme caution,” and “prevent,” the Dales’ proposed instructions 8 and 13 use language which goes far, far beyond the Restatement § 298 language adopted by this Court. See also Estate of Strever, 278 Mont, at 174, 924 P.2d at 671.
¶28 As the District Court stated during the argument settling the instructions, “that’s the problem the Court has [with the Dales’ proposed instructions], the use of... ‘extreme.’ ” Therefore, the District Court’s refusal of the Dales’ instructions is not error. Indeed, if the court had accepted the instructions proposed by the Dales, the words “extreme” and “extraordinarily” would be close to a directed verdict for the Dales. Such a result is not required by “the greater the danger, the greater the care which must be exercised” language of § 298.
¶29 Given that the court did not err in denying the Dales’ proposed instructions, the question then becomes whether or not the court’s subsequent actions were error. Under Rule 51, M.R.Civ.P., “No party may assign as error the failure to instruct on any point of law unless that party offers an instruction thereon.” Starkenburg v. State (1997), 282 Mont. 1, 25, 934 P.2d 1018, 1032. In Schuff, proper § 298 language was offered by the plaintiff. Therefore, the decision in Schuff contrasted the heightened duty of care instruction with the standard instruction in light of the facts.
¶30 In this case, although § 298 could be applicable to the facts here, a correct instruction was simply not offered. As a result, the court gave the jury standard duty of care language as offered by both parties. The instructions given read:
Instruction No. 16 (Defendant’s Proposed Instruction No. 13) Every person is responsible for the negligent injury to the person or property of another.
Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if that person fails to act as an ordinarily careful person would act under the circumstances.
Instruction No. 18 (Plaintiffs Proposed Instruction No. 12)
The amount of caution required of a person in the exercise of ordinary care depends upon the conditions apparent to him or that should be apparent to a reasonably prudent person under circumstances similar to those shown by the evidence.
I would hold that because the basic standard of care instructions *409 represent a theory applicable to the case, the District Court did not err in instructing the jury as it did.
¶31 Further, although a trial court can offer instructions on its own motion under Rule 51, M.R.Civ.P., the court’s only duty is to give instructions that, in their entirety, state the law applicable to the case. Fillinger v. Northwestern Agency, Inc. (1997), 283 Mont. 71, 76, 938 P.2d 1347, 1350-51. Here, the standard negligence instruction still permitted the Dales to argue the circumstances required a heightened standard of care. Hanson v. Edwards, 2000 MT 221, ¶ 31, 301 Mont. 185, ¶ 31, 7 P.3d 419, ¶ 31. Therefore, the instructions that were given were adequate, the District Court did not err in instructing the jury, and a reversal is not required.
¶32 Regarding Issue Three, again, I would hold the District Court did not abuse its discretion. The evidentiary order of the court, granted upon Three Rivers’ motion in limine, was intended to prevent the inference that Three Rivers admitted liability when its insurer paid claims from fire suppression agencies. I agree that Three Rivers violated that order when it elicited testimony that it received no citations as a result of the fire.
¶33 However, when Three Rivers’ violation of the order was raised by the parties, the District Court had to decide how best to remedy the damage. The court chose a middle ground suggested in part by the Dales. It allowed the Dales to question the Three Rivers’ representative to prove Three Rivers was billed for fire suppression costs. At the same time, the court refused to allow in a letter from DNRC that, by its language, may have constituted an admission of liability by Three Rivers. Further, the Dales specifically asked to introduce evidence that Three Rivers was billed, but stated they did not want to introduce evidence of payment of the bills. Therefore, the court did not admit evidence that Three Rivers paid DNRC. This ruling also prevented inadmissible evidence of payment by a liability insurer. The court stated that it believed evidence of billing by government agencies would balance the impression left by Three Rivers that no violations had occurred, but that evidence of payment would go too far.
¶34 Upon the Dales’ motion for a new trial, it was up to the District Court to decide whether Three Rivers’ violation was grounds for a new trial. And, in light of its earlier ruling, the court in effect decided there were insufficient grounds for a new trial. Its earlier ruling counterbalanced the advantage Three Rivers had taken, by allowing the Dales to elicit relevant testimony. At the same time, the court *410 prevented the Dales from introducing evidence that could effectively amount to an admission of liability. By considering and balancing the evidence presented to the jury from both parties in reference to the original order regarding the motion in limine, the court avoided the situation that occurred in Griffith. In that case, we upheld the district court’s grant of a new trial because one party was allowed to introduce one-sided evidence of compliance, while the other party was barred from countering that evidence in any way. Because the court addressed the violation in this case by properly ruling on the examination requested by the Dales, I would hold it did not abuse its discretion in denying the motion for a new trial.
¶35 As to Issue Four, I would hold the District Court properly determined there was sufficient evidence as a matter of law to support the jury’s verdict and, therefore, the court properly denied the Dales’ motion for a new trial.